No. 18,987.

RISS & COMPANY, INC. *v.* HAROLD McCASLIN.
(355 P. [2d] 304)

Decided September 19, 1960.

Mr. FRANCIS P. O'NEILL, for plaintiff in error.

Messrs. MANCINI & SINGER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, to whom we will refer as Riss & Co., was defendant in the trial court, and defendant in error, hereinafter referred to as McCaslin, was plaintiff.

The trial court entered a judgment against Riss & Co. upon the claim of McCaslin for the amount of wages lost following his discharge by Riss & Co. and covering the period of time within which the controversy provoked by the discharge was "settled" by arbitration.

Riss & Co. operates a common carrier truck line in interstate commerce and McCaslin was one of its truck drivers. He was also a member of Local 961 of the Teamsters Union of Denver, Colorado.

On November 14, 1955, McCaslin was discharged by Riss for alleged intoxication. Under the terms of a collective bargaining contract between Riss & Co. and the union, McCaslin sought arbitration of the question concerning the propriety of his discharge. Provisions of the contract pertinent to a resolution of this controversy are as follows:

From Article VIII (c):

"It is agreed that all matters pertaining to the interpretation of any provisions of this contract may be referred, at the request of any party at any time for final decision to the Joint Area Committee after first being heard * * *."

From Article X:

" * * * Any employee may request an investigation

as to his discharge or suspension. Should such investigation prove that an injustice has been done an employee, he shall be reinstated and compensated at his usual rate of pay while he has been out of work. * * * "

Pursuant to the provisions of Article VIII (c) above, the grievance of McCaslin was referred to the Joint Area Committee for a "final decision."

The minutes of the meeting of the Joint Area Committee at which the matter was heard contains a transcript of the "evidence" which was considered. A strong showing was made that at the time of his discharge McCaslin was intoxicated. At the conclusion of the "evidence" the following appears in the minutes of the meeting:

"MR. HOFFA: Mr. Chairman, I move you the driver be reinstated with full seniority rights and no back pay. MR. MURPHY: Second the motion. PRESIDENT HEALY: You have heard the motion made and seconded. Are you ready for the question? . . . The motion was put to a vote and carried . . . PRESIDENT HEALY: It is so ordered."

The foregoing is all that the record before us contains with regard to the "final decision" which the Joint Area Committee was authorized to make in connection with the instant controversy under the terms of the contract. Riss & Co. re-employed McCaslin following this "final decision" and after this suit was brought he voluntarily terminated his employment with the company.

The trial court entered judgment in favor of McCaslin in the amount of $2,600.00, and Riss & Co. seeks reversal by writ of error.

The theory of counsel for McCaslin is that the award or "final decision" of the Joint Area Committee is a nullity in so far as it purports to deprive McCaslin of his right to collect full compensation for lost wages. It is contended that the portion of the contract with the union which provides that, "Should such investigation prove that an injustice has been done an employee, *he shall be*

*reinstated and compensated at his usual rate of pay while he has been out of work,"* (Emphasis supplied) gives the Joint Area Committee no power or authority whatever to order reinstatement without back pay. They contend that the invalid portion of the "final decision" is severable from the valid portion thereof and that only that portion of the decision which restored McCaslin to duty should be given effect.

The trial court adopted this theory. In doing so we think it was in error. We direct attention to the fact that the Joint Area Committee made no finding "that an injustice has been done an (this) employee." No fair-minded person could read this record and reach a conclusion other than that the "final decision" was a compromise affair. Obviously an attempt was made to save McCaslin's job and at the same time to not reward him for misconduct as disclosed by the record. From the printed page it would seem clear to us that if an injustice was done anyone it was done to Riss & Co. by the "award" of the Joint Area Committee. Under circumstances disclosed the "final decision" of the committee is not severable. This is true for the reason that it cannot be said that the alleged invalid portion of the "final decision" was not an inducement to the acceptance of that portion of the order which counsel claims was proper for inclusion in the decision of the committee.

The test of severability here is the same as that applied to the determination of constitutionality of statutes. In *City and County of Denver v. Lynch, et al.,* 92 Colo. 102, 18 P. (2d) 907, we stated, inter alia:

"An act or a statute may be constitutional in one part and unconstitutional in another, and, if severable, the invalid may be stricken and the valid left stand. 6 R.C.L., p. 121, §121. The power of the court to make such a decision rests primarily upon legislative intent. If we may reasonably presume that the General Assembly would have passed this act with the commissioners eliminated and the sole power to fix the amount of the

allowance vested in the county judge, we may thus emasculate, and thus sustain it. Id. p. 123, §122. If the invalid portion of an act was apparently an inducement to the passage of the valid, the statute is not severable. Id. p. 125, §123. Nor can an essential part of an act, which colors the whole, be stricken as invalid and the remainder sustained. Id. p. 127, §125."

Applying this principle to the case before us it is clear that the decision of the committee to deny back pay to McCaslin "colors the whole" award.

From 3 Amer. Jur., p. 945, Arbitration and Award, we quote the following:

" * * * Where the award is severable and the residue, after rejection of the invalid portion, is final, certain, and in no way affected by the departure from the submission, these authorities hold that it may be sustained as to such part, although void to the extent that it exceeds the submission. But if the void portion is so connected with the rest as to affect the justice of the case between the parties, the whole is void."

We conclude that the two directives contained in the "final decision" of the committee are not severable. We need not determine whether the award is valid as a whole, or void in its entirety. In either event the complaint of McCaslin must be dismissed.

The judgment is reversed and the cause remanded with directions to vacate the judgment and dismiss the action.

Mr. Justice Knauss and Mr. Justice Frantz concur.